# Exhibit 1

(Index of Matters Being Filed and List of All Counsel of Record)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JUDITH VALDEZ AND LEONIDEZ** | § | |
| **VALDEZ, JR.** | § | |
| | § | |
| **vs.** | § | **Civil Action No.  5:17-cv-183__** |
| | § | |
| **LESTER VENTURA VALDES AND** | § | |
| **LADR TRANSPORT, INC.** | § | |

**INDEX OF MATTERS BEING FILED AND**
**LIST OF ALL COUNSEL OF RECORD**

Defendant LADR Transport, Inc. submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.  Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1. *Index of Matters Being Filed and List of All Counsel of Record*;

2. Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

   A. Plaintiffs' Original Petition;

   B. Service of Process on LADR Transport, Inc.;

   C. Affidavit of Service as to LADR Transport, Inc.;

   D. Affidavit of Service as to Lester Ventura Valdes;

   E. Defendants' Original Answer; and

   F. Court's Calendar Call; and

3. A copy of the state court docket sheet.

4.      The parties' respective attorneys are as follows:

A.      ATTORNEY FOR PLAINTIFFS:

Eduardo "Eddie" Ramirez
EDUARDO "EDDIE" RAMIREZ LAW FIRM, PLLC
505 N. Britton Avenue
Rio Grande City, Texas  78582
(956) 263-1639 – Phone
(956) 263-1649 – Facsimile

B.      ATTORNEYS FOR DEFENDANTS:

Charles W. Downing
ATLAS, HALL & RODRIGUEZ, LLP
124 N. East St.
Uvalde, Texas  78801-5312
(830) 278-3100 – Phone
(844) 272-4209 – Facsimile
Email:  cdowning@atlashall.com

Dated: September 19, 2017.

# Exhibit 2A
### (Plaintiff's Original Petition)

File
7/31/2017 3:50 PI
Esther Degollad
District Cler
Webb Distri
Esmeralda Alvarad
2017CVA001624D

CAUSE NO. _____

| | |
|---|---|
| JUDITH VALDEZ AND LEONIDEZ VALDEZ, JR. | IN THE _____ JUDICIAL |
| VS. | |
| LESTER VENTURA VALDES AND LADR TRANSPORT, INC. | DISTRICT COURT OF |
| | WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION (WITH DISCOVERY)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Judith Valdez and Leonidez Valdez, Jr., files this Plaintiffs' Original Petition, complaining of Defendants Lester Ventura Valdes and LADR TRANSPORT, INC. For cause of action, Plaintiffs would show the Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiffs intends to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiff Judith Valdez and Leonidez Valdez, Jr. are individuals residing in Texas.

Defendant Lester Ventura Valdes is a nonresident of Texas who may be served with process through the Chair of the Texas Transportation Commission: Tryon D. Lewis, Chairman, Texas Transportation Commission at 125 E. 11th St., Austin, Texas 78701-2483. Defendant's address is 10940 SW 160th St., Miami, Florida 33157.

Defendant LADR TRANSPORT, INC. is a Florida company doing business in Texas and may be served through its registered agent for service of process: Jeffery Fultz at 5625

Cypress Creek PKWY, Houston, Texas 77069.

## III.

## VENUE

Venue is proper in Webb County because all, or a substantial part, of the events or omissions giving rise to their claim occurred in the county. Texas Civ. Prac. & Rem. Code § 15.002(a)(1).

## IV.

## FACTS

Defendant LADR TRANSPORT, INC. is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. Defendant hired, qualified, and retained Lester Ventura Valdes as a truck driver.   At all times relevant to this lawsuit, Defendant Lester Ventura Valdes was acting in the course and scope of his actual and/or statutory employment with Defendant LADR TRANSPORT, INC.

On or about May 3, 2017, Plaintiffs Judith Valdez and Leonidez Valdez, Jr. were involved in a collision with Defendant's vehicle in Webb County, Texas on Matamoros St. On said date, Defendant Ventura turned improperly and collided into Plaintiffs' vehicle. As a result of the collision, Plaintiffs sustained personal injuries and damages.

## V.

## CAUSE OF ACTION

Defendant Lester Ventura Valdes was negligent in the operation of the tractor-trailer. Specifically, Defendant Ventura made an improper turn, improperly cut a corner, and was inattentive when he collided into Plaintiff's vehicle.  As a direct and proximate result of this negligence, Plaintiffs sustained serious damages. Defendant LADR TRANSPORT, INC. is

vicariously liable for the negligence of Defendant Ventura under the statutory employment doctrine as well as the doctrine of respondeat superior.

Based on the facts of this collision, it appears that Defendant Ventura may have been fatigued or driving in violation of the hours-of-service regulations.   It further appears that Defendant LADR TRANSPORT, INC. may have been negligent in its entrustment of a tractor-trailer to Defendant Ventura, and in the qualification, hiring, training, supervision, and retention of Defendant Ventura.

## VI.

## DAMAGES

Plaintiffs   seek to recover the following elements of damages, which were proximately caused by Defendant's negligence:

Medical care, past and future;

Lost wages and earning capacity, past and future;

Physical impairment, past and future;

Physical pain, emotional distress, and mental anguish, past and future; and

Disfigurement, past and future.

Plaintiffs also seek to recover prejudgment interest, post-judgment interest, and court costs. Plaintiffs' damages exceed the Court's jurisdictional minimum and exceed $75,001.00. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief of over $1,000,000.00.

## VII.

## REQUEST FOR DISCLOSURE

Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil

Procedure.

## VIII.

## INTERROGATORIES TO DEFENDANT LESTER VENTURA VALDES

Plaintiffs, pursuant to Tex. R. Civ. Procedure 196 and 197 propound the following Interrogatories to Defendant Lester Ventura Valdes. Defendant's response is due within fifty days from the date of service thereof. Plaintiff also request that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

**Interrogatory 1.**      Please state how you contend the collision in question occurred.

**RESPONSE:**

**Interrogatory 2.**      Please state the positions held, general job descriptions, and lengths of employment of Lester Ventura Valdes at the time of the collision in question.

**RESPONSE:**

**Interrogatory 3.**      Please state the full extent of any training, education, experience concerning driving techniques or principles Lester Ventura Valdes has received.

**RESPONSE:**

**Interrogatory 4.**      Was Defendant Ventura acting in the course and scope of his employment with LADR TRANSPORT, INC. at the time of the collision made the basis of this lawsuit? If you are contending that Lester Ventura Valdes was not acting in the course and scope of employment for LADR TRANSPORT, INC. at the time of the collision, please state exactly why you are making such contention.

**RESPONSE:**

**Interrogatory 5.**      If the vehicle driven by Lester Ventura Valdes that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

**RESPONSE:**

**Interrogatory 6.**      Please list all traffic accidents in which Lester Ventura Valdes has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

**RESPONSE:**

**Interrogatory 7.**   Please give a description of all traffic violations for which Lester Ventura Valdes has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

**RESPONSE:**

**Interrogatory 8**   With respect to collisions or accidents involving one of LADR TRANSPORT, INC.'s vehicles and/or a driver employed by you or under contract with LADR TRANSPORT, INC., please state:
When the driver is required to make a report and to whom;
A description of any written report required to be made by any person with LADR TRANSPORT, INC. and/or the driver;
Where and in whose custody such reports are kept;
When a driver must submit for a drug test by giving a urine sample; and
When such report must be reported to the federal government.

**RESPONSE:**

**Interrogatory 9.**   Did Lester Ventura Valdes receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Lester Ventura Valdes paid the ticket, did Lester Ventura Valdes plead guilty? What court did Lester Ventura Valdes have to appear in or call to resolve the citation or ticket?

**RESPONSE:**

**Interrogatory 10.**   Do you contend that someone other than Lester Ventura Valdes (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

**RESPONSE:**

**Interrogatory 11.**   Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

**RESPONSE:**

**Interrogatory 12:**   What does LADR TRANSPORT, INC. do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If LADR TRANSPORT, INC. uses any type of computer program or third-party service to audit logs, please identify the program or service.

**RESPONSE:**

**Interrogatory 13:**   Does LADR Transport, Inc. use any type of GPS system or other

computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14:    For any cell phone used by or issued to Lester Ventura Valdes during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONSE:

## IX.

## INTERROGATORIES TO DEFENDANT LADR TRANSPORT, INC.

Plaintiffs, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant LADR TRANSPORT, INC. Defendant's response is due within fifty days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement its responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.    Please state how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2.    Please state the positions held, general job descriptions, and lengths of employment of Lester Ventura Valdes at the time of the collision in question.

RESPONSE:

Interrogatory 3.    Please state the full extent of any training, education, or experience concerning driving techniques or principles Lester Ventura Valdes has received.

RESPONSE:

Interrogatory 4.    Was Defendant Ventura acting in the course and scope of his employment with LADR TRANSPORT, INC. at the time of the collision made the basis of this lawsuit? If you are contending that Lester Ventura Valdes was not acting in the course and scope of employment for LADR TRANSPORT, INC. at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5.    If the vehicle driven by Lester Ventura Valdes that was involved in the collision in question was not owned by you, please state the vehicle

owner's name, address and telephone number.

**RESPONSE:**

**Interrogatory 6.**    Please list all traffic accidents in which Lester Ventura Valdes has been involved, including the location, city, county, state and any violations for

which he was cited in connection with any traffic accidents.

**RESPONSE:**


**Interrogatory 7.**    Please give a description of all traffic violations for which Lester Ventura Valdes has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

**RESPONSE:**


**Interrogatory 8** With respect to collisions or accidents involving one of LADR TRANSPORT, INC.'s vehicles and/or a driver employed by you or under contract with LADR TRANSPORT, INC., please state:
When the driver is required to make a report and to whom;
A description of any written report required to be made by any person with LADR TRANSPORT, INC. and/or the driver;
Where and in whose custody such reports are kept;
When a driver must submit for a drug test by giving a urine sample; and
When such report must be reported to the federal government.

**RESPONSE:**

**Interrogatory 9.**    Did Lester Ventura Valdes receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Lester Ventura Valdes paid the ticket, did Lester Ventura Valdes plead guilty? What court did Lester Ventura Valdes have to appear in or call to resolve the citation or ticket?

**RESPONSE:**

**Interrogatory 10.**    Do you contend that someone other than Lester Ventura Valdes (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

**RESPONSE:**

**Interrogatory 11.**    Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

**RESPONSE:**

Interrogatory 12:   What does LADR TRANSPORT, INC. do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If LADR TRANSPORT, INC. uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13:   Does LADR TRANSPORT, INC. use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14:   For any cell phone used by or issued to Lester Ventura Valdes during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONSE:

## X.

## REQUEST FOR PRODUCTION TO ALL DEFENDANTS

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiffs request that, within the time prescribed by law, Defendants Lester Ventura Valdes and LADR TRANSPORT, INC. produce and permit Plaintiffs to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiffs request that Defendants produce the documents at the office of Eduardo "Eddie" Ramirez Law Firm, P.L.L.C. located at 505 N. Britton, Rio Grande City, Texas, 78582.

1.   Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

2.   Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

3.   Any and all photographs of the scene of the collision in question.

4.      Any and all photographs that you intend to use at trial.

5.      Any and all photographs, videotapes or other depictions of Plaintiffs.

6.      Any and all photographs, videotapes or other depictions of Lester Ventura Valdes.

7.      Any and all witness statements.

8.      Any and all statements from Plaintiffs

9.      Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

10.     Any and all documents related to Lester Ventura Valdes' employment with LADR TRANSPORT, INC.

11.     Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

12.     Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Lester Ventura Valdes relating to his employment with LADR TRANSPORT, INC.
Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

13.     Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

14.     Any written, taped or mechanically reproduced statement heretofore made of Plaintiff, Defendants, and/or Defendants' agents or employees.

15.     Any records or documentation (medical or non-medical) concerning Lester Ventura Valdes that would indicate whether Lester Ventura Valdes was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

16.     Any records or documentation (medical or non-medical) concerning Lester Ventura Valdes that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

17.  Any records or documentation (medical or non-medical) that would indicate that Lester Ventura Valdes was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

18.  A photostatic copy of the front and back of Lester Ventura Valdes's current driver's license and any commercial license.

19.  A copy of any company vehicle use records for the one hundred eighty (180) days preceding and including the date of the collision in question.

20.  Any documentation concerning Lester Ventura Valdes involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

21.  All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Lester Ventura Valdes at the time of the collision in question.

22.  All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Lester Ventura Valdes was an unsafe driver.

23.  All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

24.  If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

25.  Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

26.  Any insurance policies that provide, or may provide, coverage for the collision in question.

27.  Any reservation of rights letters or non-waiver agreements.

28.  Any cell phone bills that would show whether or not Lester Ventura Valdes was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

29.  All cell phone bills and records for any cell phone used by Lester Ventura

Valdes for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

30. Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

31. All expense receipts and reports submitted by Lester Ventura Valdes for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

32. All incident reports generated by Lester Ventura Valdes or LADR TRANSPORT, INC. regarding the collision at issue in this lawsuit.

33. If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, Lester Ventura Valdes drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by Lester Ventura Valdes for that time period.

34. Lester Ventura Valdes's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

35. LADR TRANSPORT, INC.'s complete driver qualifications file on Lester Ventura Valdes.

36. All personnel files, accident files, and other files and documents that LADR TRANSPORT, INC. maintains or possesses regarding Lester Ventura Valdes.

37. All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by Lester Ventura Valdes during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

38. All Qualcomm records and data regarding any vehicle operated by Lester Ventura Valdes, and any communications to and from Lester Ventura Valdes, for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

39. All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Lester Ventura Valdes during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

40.  All monthly log summary sheets for Lester Ventura Valdes for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

41.  All notice of logging violations for Lester Ventura Valdes for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.  ·

42.  The accident register for LADR TRANSPORT, INC.

43.  All safety performance history records regarding Lester Ventura Valdes.

44.  All driver's vehicle inspection reports completed by Lester Ventura Valdes for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

45.  All pretrip check lists completed by Lester Ventura Valdes for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

46.  The vehicle accident kit issued to Lester Ventura Valdes.

47.  An exemplar blank vehicle accident kit used by LADR TRANSPORT, INC.

48.  All dispatch and trip reports regarding any vehicle operated by Lester Ventura Valdes for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

49.  All trip cost report envelopes for any vehicle operated by Lester Ventura Valdes for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

50.  All OmniTRACS data regarding any vehicle operated by Lester Ventura Valdes for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

51.  Copies of all documents obtained by deposition on written question or subpoena.

52.  All documents regarding any audits or examinations performed of LADR TRANSPORT, INC. by any state or federal agency, including but not limited to any state department of transportation, any state department of motor vehicle, the U.S. Department of Transportation, and the Federal Motor Carrier Safety Administration.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that citation be issued

and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, together with prejudgment interest, postjudgment interest, and court costs.

Respectfully submitted,

**Eduardo "Eddie" Ramirez Law Firm, PLLC**
505 N. Britton Avenue
Rio Grande City, Texas 78582
Telephone: (956) 263-1639
Facsimile: (956) 263-1649

By: *Eduardo R. Ramirez*

Eduardo "Eddie" Ramirez
Texas Bar No. 24052108

**ATTORNEY FOR PLAINTIFFS**

# Exhibit 2B

(Service of Process on LADR Trasnport, Inc.)

2017CVA001524D3

## CITATION
### (PLAINTIFFS' ORIGINAL PETITION - with Discovery)

DELIVERED ON THE ___ DAY OF ___
AT ___ : ___ AM/PM
BY: _____
PROFESSIONAL CIVIL PROCESS
INITIALS: ___ LIC# 3778

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: LADR TRANSPORT, INC.
BY SERVING IT'S REGISTERED AGENT: JEFFERY FULTZ
5625 CYPRESS CREEK PKWY
HOUSTON, TEXAS 77069

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341st District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2017CVA001524D3 , styled:

JUDITH VALDEZ; LEONIDEZ VALDEZ, Jr., PLAINTIFF
VS.
LESTER VENTURA VALDES; LADR TRANSPORT INC, DEFENDANT

Said Plaintiff's Original Petition - with Discovery was filed on 07/31/2017 in said court by:
EDUARDO RAMIREZ, ATTORNEY FOR PLAINTIFF
505 N. BRITTON AVENUE
RIO GRANDE CITY, TEXAS 78582

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 8th day of August, 2017.

### C L E R K    O F    C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042
                                    DEPUTY
Esther Jo Garza

2017CVA001524D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2017 at _____         O'CLOCK         _____.M.         Executed         at _____, within the COUNTY of _____ at _____ O'CLOCK ____.M. on the _____ day of _____, 2017, by delivering to the within named

LADR TRANSPORT, INC.
BY SERVING IT'S REGISTERED AGENT: JEFFERY FULTZ
5625 CYPRESS CREEK PKWY
HOUSTON, TEXAS 77069

, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:
Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES
_____

# Exhibit 2C

(Affidavit of Service as to LADR Transport, Inc.)

WEBB CO DISTRICT CLERK Fax:956-523-5121          Sep 16 2017 11:14pm  P008/009

**341st District Court of WEBB County, Texas**
1110 VICTORIA, STE 302 LAREDO TX 78042

## CASE #: 2017CVA001524D3

Filed
8/24/2017 8:32 AM
Esther Degollado
District Clerk
Webb District
Sara Lopez
2017CVA001524D3

JUDITH VALDEZ AND LEONIDEZ VALDEZ, JR

*Plaintiff*
**vs**
LESTER VENTURA VALDES AND LADR TRANSPORT, INC.

*Defendant*

### AFFIDAVIT OF SERVICE

I, GRIFFIN JACKSON JR, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 08/16/17 10:43 am, instructing for same to be delivered upon Ladr Transport, Inc.
By Delivering To Its Registered Agent Jeffery Fultz.

| | |
|---|---|
| That I delivered to | : Ladr Transport, Inc. By Delivering To Its Registered Agent Jeffery Fultz. |
| the following | : CITATION; PLAINTIFFS' ORIGINAL PETITION (WITH DISCOVERY) |
| at this address | : 5625 Cypress Creek Pkwy HOUSTON, Harris County, TX 77069 |
| Manner of Delivery | : By PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : Tuesday AUG 22, 2017 2:04 pm |

My name is GRIFFIN JACKSON JR, my date of birth is FEB 10th, 1952, and my address is
PCP Spring, 1000 FM 1960 Rd West #201B, Houston TX 77090, and U.S.A.  I declare
under penalty of perjury that the foregoing is true and correct.
Executed in Harris County, State of Texas, on the ___23___ day of
_August_____, 20_17_ .

GRIFFIN JACKSON JR                                    Declarant
2245

Texas Certification#: SCH-3778 Exp. 05/31/2020

PCP Inv#: O17800261
SO  Inv#: A17802863

+ Service Fee:  75.00
  Witness Fee:    .00
  Mileage Fee:    .00

tomcat                                    Ramirez, Eduardo "Eddie"
                                          **E-FILE RETURN**

**2017CVA001524D3**

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 2017 at _____ O'CLOCK _____.M.    Executed    at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2017, by delivering to the within named

LADR TRANSPORT, INC.
BY SERVING IT'S REGISTERED AGENT: JEFFERY FULTZ
5625 CYPRESS CREEK PKWY
HOUSTON, TEXAS 77069

, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:
Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB    }

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES
_____

# Exhibit 2D

(Affidavit of Service as to Lester Ventura Valdes)

WEBB CO DISTRICT CLERK Fax:956-523-5121        Sep 16 2017 11:13pm  P006/009

Filed
8/16/2017 10:32 AM
Esther Degollado
District Clerk
Webb District
Sara Lopez
2017CVA001524D3

# 341st District Court of WEBB County, Texas
1110 VICTORIA, STE 302 LAREDO TX 78042

## CASE #: 2017CVA001524D3

**JUDITH VALDEZ AND LEONIDEZ VALDEZ, JR**

*Plaintiff*
**VS**
**LESTER VENTURA VALDES AND LADR TRANSPORT, INC.**

*Defendant*

## AFFIDAVIT OF SERVICE

I, **REGINALD EUGENE BENNETT**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 08/15/17 10:44 am, instructing for same to be delivered upon Valdes, Lester
Ventura By Delivering To The Texas Transportation Commission, Tryon D Lewis.

| | |
|---|---|
| That I delivered to | : Valdes, Lester Ventura By Delivering To The Texas Transportation Commission, Tryon D Lewis. By Delivering to Alicia Ramon-Kane, authorized to accept |
| the following | : CITATION; PLAINTIFFS' ORIGINAL PETITION (WITH DISCOVERY) |
| at this address | : 125 E 11th St AUSTIN, Travis County, TX 78701 |
| Manner of Delivery | : By PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : Tuesday AUG 15, 2017 12:03 pm |

My name is REGINALD EUGENE BENNETT, my date of birth is OCT 11th, 1959, and my
address is Professional Civil Process Downtown, 2211 S. IH 35, Suite 105, Austin TX
78741, and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Travis County, State of Texas, on the _16_ day of
_August_, 20_17_.

_____
REGINALD EUGENE BENNETT        Declarant
2448

Texas Certification#: SCH-12661 Exp. 05/31/2020

PCP Inv#: Z17800109
SO  Inv#: A17802868

+ Service Fee:  75.00
  Witness Fee:    .00
  Mileage Fee:    .00

AX02A17802868

tomcat

Ramirez, Eduardo "Eddie"
**E-FILE RETURN**

2017CVA001524D3

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 2017 at
_____ O'CLOCK _____.M. Executed at
_____, within the COUNTY of _____
at _____ O'CLOCK _____.M. on the _____ day of
_____, 2017, by delivering to the within named

LESTER VENTURA VALDES    BY SERVING TEXAS TRANSPORTATION COMMISSION:
10940 SW 160TH ST        TRYON D. LEWIS, CHAIRMAN, TEXAS TRANSPORTATION
MIAMI FL 33157           COMMISSION
                         125 E. 11TH ST.
                         AUSTIN, TEXAS 78701-2483

, each, in person, a true copy of this citation together with the
accompanying copy of the petition, having first attached such copy
of such petition to such copy of citation and endorsed on such
copy of citation the date of delivery.


The distance actually traveled by me in serving such process was
_____ miles, and my fees are as follows:
Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

                                    _____
                                    SHERIFF, CONSTABLE

                                    _____ COUNTY, TEXAS

                            BY _____
                                                    DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.


                                    _____
                                    NOTARY PUBLIC
                                    MY COMMISSION EXPIRES
                                    _____

# Exhibit 2E
(Defendants' Original Answer)

Filed
9/18/2017 10:00 AM
Esther Degollado
District Clerk
Webb District
Esther Jo Garza
2017CVA001524D3

**CAUSE NO. 2017CVA001524D3**

| | | |
|---|---|---|
| JUDITH VALDEZ AND LEONIDEZ VALDEZ, JR. | § § § | IN THE DISTRICT COURT |
| v. | § § | OF WEBB COUNTY, TEXAS |
| LESTER VENTURA VALDES AND LADR TRANSPORT, INC. | § § § | 341ST JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

NOW COME Defendants LADR TRANSPORT, INC. and LESTER VENTURA VALDES and file this their Original Answer and Affirmative Defenses in response to Plaintiffs' Original Petition, and would show the Court as follows:

**I.**
## GENERAL DENIAL

1.      Reserving the right to file other further pleadings, exceptions and/or denials, Defendants generally deny each and every material allegation contained in Plaintiffs' Original Petition and demand strict proof thereof in accordance with the law and the Rules of Civil Procedure of the State of Texas.

**II.**
## AFFIRMATIVE DEFENSES

2.      Defendants would show that the incident in question was the result of Plaintiffs' contributory negligence.

3.      Defendants would show that the incident in question was the result of an unavoidable/unforeseeable accident and/or sudden emergency.

4.      Defendants would show that if Plaintiffs' damages occurred as alleged, which are denied, then the damages are directly and proximately caused by the acts and/or omissions of individuals, including Plaintiff(s) and third parties for whom Defendants are not responsible, and

Page 1 of 3

such acts were the sole cause, proximate cause, producing cause, and/or new or independent cause of the alleged damages of Plaintiff(s).

5.      Defendants specifically invoke the doctrine of comparative responsibility pursuant to Texas Civil Practice & Remedies Code §33.001, as applied by the court in the State of Texas.

6.      Moreover, Defendants invoke and rely upon the limitations placed upon an award of exemplary damages as set forth in §41.008 of the Texas Civil Practice & Remedies Code.  In the highly unlikely event that a verdict should be rendered which would otherwise result in a judgment in excess of that allowed by said §41.008 of the Texas Civil Practice & Remedies Code, the Honorable Court should reduce and reform said judgment such that the caps and limitations set forth in said §41.008 of the Texas Civil Practice & Remedies Code are not exceeded.

7.      Defendants would show that Plaintiffs failed to mitigate their damages.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants LADR TRANSPORT, INC. and LESTER VENTURA VALDES request judgment of the Court that Plaintiffs take nothing by this suit, and that Defendants be awarded costs and such other and further relief to which they may be justly entitled.

Respectfully submitted,

ATLAS, HALL & RODRIGUEZ, LLP
124 N. East Street
Uvalde, Texas  78801-5312
Tel:  (830) 278-3100
Fax: (844) 272-4200

By:___/s/ Charles W. Downing_____
        Charles W. Downing
        State Bar I.D. 2406963
        Email: cdowning@atlashall.com
ATTORNEY FOR DEFENDANTS

Original Answer and Affirmative Defenses – Page 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of September, 2017, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested to all Counsel of record as follows:

Eduardo "Eddie" Ramirez
EDUARDO "EDDIE" RAMIREZ LAW FIRM, PLLC
505 N. Britton Avenue
Rio Grande City, Texas 78582
(956) 263-1639 – Phone
(956) 263-1649 – Facsimile
*Counsel for Plaintiff*

/s/ *Charles W. Downing*
Charles W. Downing

# Exhibit 2F

(Court's Calendar Call)

WEBB CO DISTRICT CLERK Fax:956-523-5121                    Sep 16 2017 11:12pm  P004/009



## HONORABLE BECKIE PALOMO

### State District Court Judge
341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   2017CVA001524D3

STYLE:   JUDITH VALDEZ; LEONIDEZ VALDEZ, Jr.

VS

LESTER VENTURA VALDES; LADR TRANSPORT INC

**NOTICE** that this case IS **SET FOR CALENDAR CALL** on   10/10/2017   ,
at 1:30 PM at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO**.
Your presence is **MANDATORY** unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
**http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf**

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC:

WEBB CO DISTRICT CLERK Fax:956-523-5121          Sep 16 2017 11:13pm  P005/009

## \*\* T r a n s m i t   C o n f i r m a t i o n   R e p o r t  \*\*

P. 1                                                      Aug 28 2017 08:44am
WEBB CO DISTRICT CLERK Fax:956-523-5121

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 919562631649 | Fine | 28,08:43am | 0'30" | 1 | # O K | |



### HONORABLE BECKIE PALOMO
#### State District Court Judge
341ˢᵗ JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

### CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   2017CVA001524D3

STYLE:   JUDITH VALDEZ; LEONIDEZ VALDEZ, Jr.

VS

LESTER VENTURA VALDES; LADR TRANSPORT INC

**NOTICE** that this case **IS SET FOR CALENDAR CALL** on   10/10/2017  ,
at 1:30 PM at the 341st District Courtroom, 3ʳᵈ Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO**.
Your presence is **MANDATORY** unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC:

# Exhibit 3

(State Court Docket Sheet)

WEBB CO DISTRICT CLERK Fax:956-523-5121          Sep 16 2017 11:12pm P002/009
341st DISTRICT COURT

# CASE SUMMARY
## CASE NO. 2017CVA001524D3

| | | |
|---|---|---|
| JUDITH VALDEZ,LEONIDEZ VALDEZ, Jr. vs.<br>LESTER VALDES,LADR TRANSPORT INC | §<br>§<br>§<br>§ | Location: **341st District Court**<br>Judicial Officer: **Palomo, Beckie**<br>Filed on: **07/31/2017** |

---

### CASE INFORMATION

Case Type: **Injury or Damage - Motor Vehicle**
Subtype: **Motor Vehicle Accident**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number    2017CVA001524D3<br>Court    341st District Court<br>Date Assigned    07/31/2017<br>Judicial Officer    Palomo, Beckie |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **VALDEZ, JUDITH** | **RAMIREZ, EDUARDO**<br>*Retained* |
| | **VALDEZ, LEONIDEZ, Jr.** | |
| **Defendant** | **LADR TRANSPORT INC** | |
| | **VALDES, LESTER VENTURA** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 07/31/2017 | Civil Case Filed (OCA) | |
| 07/31/2017 | Original Petition<br>*PLAINTIFFS' ORIGINAL PETITION* | |
| 07/31/2017 | Jury Demand<br>*JURY DEMAND PAID BY EDUARDO RAMIREZ* | |
| 08/04/2017 | Calendar Call<br>*CALENDAR CALL FAXED TO ATTORNEY* | |
| 08/04/2017 | Notes-Miscellaneous<br>*NO ISSUANCE-NEEDS TO PAY $4.00 FOR THE ISSUANCE BY TEXAS TRANSPORTATION COMMISSION* | |
| 08/07/2017 | Letter<br>*LETTER FROM RAMING LAW FIRM DATED 8/7/17 (RE: PAYMENT FOR PENDING FEES).* | |
| 08/08/2017 | Citation-Issuance<br>*THREE CITATIONS ISSUED TO LESTER VENTURA VALDES BY SERVING TEXAS TRANSPORTATION COMMISSION: TRYON D. LEWIS, CHARIMAN. *HELD BY CLERK, PENDING COPIES OF PETITION.* | |
| 08/08/2017 | **Citation**<br>VALDES, LESTER VENTURA | |

*Printed on 09/18/2017 at 10:35 AM*

WEBB CO DISTRICT CLERK Fax:956-523-5121    Sep 16 2017 11:12pm P003/009

341st District Court

# CASE SUMMARY
## CASE NO. 2017CVA001524D3

| | |
|---|---|
| | Served: 08/15/2017 |
| 08/08/2017 | Citation-Issuance<br>*TWO CITATIONS ISSUED AS TO LADR TRANSPORT, INC. BY SERVING IT'S REGISTERED AGENT: JEFFERY FULTZ. \*HELD BY CLERK, PENDING COPIES OF PETITION.* |
| 08/08/2017 | **Citation**<br>LADR TRANSPORT INC<br>Served: 08/22/2017 |
| 08/16/2017 | Affidavit Of Service<br>*AFFIDAVIT OF SERVICE RETURN EXECUTED AS TO LESTER VENTURA VALDEZ BY SERVING TEXAS TRANSPORTATION COMMISSION,(DOS 8/15/17).* |
| 08/24/2017 | Affidavit Of Service<br>*AFFIDAVIT OF SERVICE RETURN EXECUTED AS TO LADR TRANSPORT INC. (DOS 8/22/17).* |
| 10/10/2017 | **Calendar Call** (1:30 PM)  (Judicial Officer: Palomo, Beckie) |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Attorney** RAMIREZ, EDUARDO
| | |
|---|---|
| Total Charges | 72.00 |
| Total Payments and Credits | 72.00 |
| **Balance Due as of  9/18/2017** | **0.00** |

**Plaintiff** VALDEZ, JUDITH
| | |
|---|---|
| Total Charges | 292.00 |
| Total Payments and Credits | 292.00 |
| **Balance Due as of  9/18/2017** | **0.00** |

*Printed on 09/18/2017 at 10:35 AM*